805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard L. SHULL, Jr., Plaintiff-Appellant,
v.
David A. BASS, Warden; E. Jones, Major; Southampton
Correctional Center, Defendants-Appellees.
 No. 86-7172.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1986.
Decided Nov. 17, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr. District Judge. (C/A No. 85-1234-AM)
 Richard L. Shull, appellant pro se.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Shull, a Virginia inmate, filed this civil rights complaint on October 30, 1985, alleging that prison officials failed to protect him from assault by another inmate on July 16, 1984, and failed to provide adequate medical care for the injuries he sustained. The district court continued the action pending exhaustion of administrative remedies, 42 U.S.C. Sec. 1997e, and thereafter directed Shull to pay a partial filing fee of $24.00. Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). When Shull failed to respond to the partial filing fee order, either by paying the fee or submitting an explanation of why the fee could not be paid, the district court dismissed the action without prejudice. Within ten days of the dismissal, Shull moved the district court for reconsideration of the dismissal, asserting that he had never received the court's order to pay a partial filing fee. The district court denied the motion, finding that the reasons proffered did not justify vacating its dismissal order.
 
 
 2
 We affirm. The district court docket sheet reflects that a copy of the partial filing fee order was sent to Shull. The dismissal of the action when Shull failed to respond to the order was a dismissal without prejudice and would not bar Shull from litigating his claims should he choose to refile them in the district court. Under Va.Code Sec. 8.01-229(E)(1), the running of the limitation period is tolled during the pendency of an action that is dismissed without a determination of the merits. Thus, Shull would still be able to bring this action within Virginia's two year limitations period. Under these circumstances, we agree with the district court that Shull's assertion that he never received the partial filing fee order does not provide a sufficiently compelling reason to vacate the dismissal order.
 
 
 3
 Finding no abuse of discretion, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.